That brings us to the final case of the morning, Appeal No. 25-1209, USA v. McGraw. Good afternoon, Ms. Christensen. The District Court made a mistake of law when it found it did not have to determine the element of unauthorized entry in Illinois home invasion. It's clear from the statute and the Illinois pattern instructions that unauthorized entry is an element of the offense for every version of home invasion. And when the District Court found that if it made this finding about Mr. McGraw remaining in, it doesn't have to make the unauthorized entry a determination. In order to assess that enhancement, the court has to find every element of the underlying felony by a preponderance of the evidence, certainly not beyond a reasonable doubt. And the court did not do that here. Therefore, we're asking for resentencing in this matter. Essentially, the court missed the third element, which is remains or enters and knows someone's there or has reason to know someone's there. The second element is always the unauthorized entry. When it comes down to authorized or unauthorized entry, there's an additional pattern instruction that talks about limited authority. Entry with criminal intent is unauthorized, of course. Entry with innocent intent is authorized. And it does not matter what intent runs after that. And because of his decision tree, Judge Chang didn't get to this. But if we remand, isn't it? I know we are not supposed to be making this decision on the cold record as an appellate court. But isn't it pretty clear that it was criminal intent upon the entry? Well, I think this court, giving this court some due, can make a harmless error analysis in this type of thing. I don't think the error is harmless here because there's not enough evidence regarding intent. There is actually quite a bit of evidence pointing to the fact that he had innocent intent during the entry. He and Jones were in a relationship. He stayed there some time. And she asked him to come or told him to come get his stuff or she would burn it. He knocked on the door and she opened it. Now, there's some where the real question is when he punched her, which obviously changes his intent. She says immediately. But it's unclear what immediately means from the rest of the evidence. And that's the reason why this can't be harmless error because that is unclear. It's something the district court needs to make factual findings in the first instance on that. There's simply not enough evidence in the record to show criminal intent or innocent intent at that point. And intent, you know, we have this series of could be very small steps. But he's coming to the house. She told him to come. And then when his intent changes, if it's after entry, that doesn't change the nature of the entry. That changes what criminal aspect happens in the house. And clearly there were crimes that occurred in the house. The question is whether that was home invasion and whether that was an underlying felony. So, again, without belaboring the point, that's essentially the mistake of law that Judge Chang made. Admittedly, the statute is difficult to read. The first time I read it, I thought, yeah, those are separate things. The commas, there aren't many commas. Commas would help in the statute. But when you go to the jury instructions, which defense counsel referenced Illinois law and says, in every home invasion, unauthorized entry is an element of the offense in every point. So unless the court has further questions, I'll reserve the rest of my time. The court can ask questions about the second issue I was not intending on presenting argument. I think it's fully briefed otherwise. Okay. Thank you. I'm sorry. I'm sorry. Go ahead. If we agree with you and remand it, should we reach the second issue or have the judge kind of take a fresh look at it? If it's remanded anyway, I think a fresh look would be good. This is a combination of conditions that this court has struggled with in the past. From the Northern District of Illinois, it's the only district we see this combination from. I understand they're slightly differently worded, but they do have this combined effect that does not work well with the defendant's understanding and then the enforcement of when it's below. So certainly if it's remanded, then the court can just relook at that issue when it goes back. Thank you. Thank you. And we welcome Ms. Stern. Good afternoon. May it please the Court. Stephanie Stern on behalf of the United States. The district court did not clearly err when it found by preponderance of the evidence the defendant committed home invasion. I want to be clear about the record here because the court was clear in what factual findings it was making in this case. In making this finding of home invasion, the court credited the government's version of the events and the victim's statements in the grand jury, stating that the events transpired as the government described and concluding that those facts constituted home invasion. Where do you see the district court making a finding on whether McGraw had authorization to enter the home? The court made a finding, I guess factual findings, regarding the sequence of events that occurred, specifically that defendant came to the house, knocked on the front door, she opened the door, he immediately punched her, and then he entered the house, pulled out his gun promptly, and threatened the mom and the victim. Where do you see the court made a finding on whether McGraw had authorization to enter the home? The court did not make a finding about authorization. The court made a finding about which facts it was considering credible, and those facts support a home invasion, support that he wasn't entering with authority, specifically under Illinois' limited authority doctrine, which states that even if you are granted entry into the home, you are without authority if you intend to enter the home and commit a crime. Can you point us to where in the transcript? Yes, that the judge makes this factual determination? Yes. If you look at pages 15 and 16 of the sentencing transcript, the judge states that here, by a preponderance of the evidence... Hold on for a second. Let us get there. 15 and 16? Yes.  The judge states that here, by a preponderance of the evidence, the government has shown that this did happen in the way that the government has offered. I'm skipping a bit as he describes the version of events that occurred, which is in line with the victim's testimony in that he knocked on the door, or immediately punched her, and then pulled out his gun and threatened them. Later down it says, nothing in the defense kind of version of the facts in terms of this situation undermines the affirmative showing that the government has made. I'm sorry. After he says that, he goes straight into the pointing the guns, the verbal threat, the punch in the mouth. Yes. He goes on to describe the... He seems to be describing things that happened after McGraw got inside the house, immediately after the statement you pointed us to. Correct, correct. After the door is opened, yes. So after the door is opened, he immediately punches her and pulls out his gun and threatens them. In that situation, a reasonable inference... So I thought the grand jury testimony was more about shortly thereafter or something. Where are you getting that Judge Chang made a finding that the punch was... I mean, I understand that it was at the threshold, but that it was as he was entering. I can't say that he made a finding that it was as he was entering. I can say that he credited the victim's and mom's grand jury testimony as credible. In victim's testimony, she says, immediately, he punched me immediately. Mom is at the back door. She's gone there because he knocked on the back door. She hears her daughter scream, runs to the front door, sees her daughter on the ground and sees defendants standing over her. She tells him to get out of the house, and he pulls out his gun, points it at them, and then says, I'm going to kill you, in effect. The reasonable inference from this sequence of events is that he obviously came to their house with a gun. He punched her either immediately or shortly after he entered the house. And that either, isn't that something that Judge Chang might need to decide if we're going to go to the criminal intent? I think the facts here would support that the, let me rephrase, the limited authority doctrine doesn't have a time, I guess, aspect to it. It says that you have to enter with the intent to commit a criminal act. Here, the… I think that is a temporal link in this case, though, because he had criminal intent. He punched someone. I mean, you know, the victims are pretty scared, right? It's when did he have that criminal intent. Yes, and based on their description of the sequence of events, that punch wasn't happening with some delay. Mom goes to the back door and then hears a commotion at the front door and runs to see her daughter on the ground. Don't you think that—I'm sorry, were you done answering? Yes, sir. Don't you think that since this limited authority issue never came up before Judge Chang during sentencing, don't you think that we should give him an opportunity to make those findings in view of that particular legal standard? No, I think the facts would be the same. The factual basis that he found credible would still be the victim statements that were made in the grand jury and the government's version of the offense. It's an application of those facts to the law, which this court can do de novo. Do you believe that the second portion of the Illinois statute requires that it be without authorization? Yes, the government does agree that it requires without authorization, and I guess two notes on that. The government's position is that the facts do support without authorization based on that, at a minimum, that limited authority doctrine. Second, when the court was discussing without authorization in that transcript portion, he was specifically addressing an argument by defense counsel in their sentencing memorandum, which was just about whether he had been granted entry into the home and not whether he intended to enter the home and commit a crime. So certainly he wasn't making a ruling in the government's opinion that no authorization is required across the Illinois home invasion statute, but rather was addressing a narrower point presented by defense counsel. Because the facts show, by preponderance of the evidence, that he intended to commit a criminal act when he entered the home, he lacked authority to enter the victim's home, regardless of whether he was initially let in, and thus defended and committed home invasion. Let me ask you about the second question, because our case law is certainly that a sentencing court doesn't have to address each of the supervised release conditions. I understand. I think the parties agree on that. We also have Morgan, which even the government acknowledged in its brief, says that a court should address both, the need for both 16 and, it was 23 in Morgan, it's 24 here, same thing. How do we marry those two obligations? First, I just want to make clear one aspect. The discretionary condition in Morgan, 23, was different. It was different, but that's a different part of Morgan. There's a part of Morgan that is explaining and discussing about the fact that computers, that has computers in it, this was not a computer, what's the computer, the judge didn't talk about that. But Morgan separately also said, if a judge is looking to impose 16 and 23 in Morgan, a judge should explain the need for both, which leads to Mr. McGraw's argument that we don't see the judge here addressing the need for both. I guess... Is Morgan, how does Morgan fit with the rest of our case law? On that point. On that point, I don't think Morgan, Morgan may have been saying that 23 needed to be married with 16 specifically because it imposes this search on computers. I don't read Morgan to be saying because of the computers. Morgan says because these both implicate these kind of Fourth Amendment rights restrictions on liberty, 23 is certainly an even greater restriction on liberty than 16, this is not a sex offense case, we need some explanation. Yes, and the restriction in 24 is more limited. It simply requires a reasonable search, a reasonable basis for the search standard. Here, I guess, getting to the point of what basis the district court had to impose both conditions, the court in this case, and I can continue my answer, I see my time has run out. Not what basis, but did the court need to say something about imposing both, pursuant to Morgan, which you cited in your brief. No, the government does not believe that the court needed to specifically address more than it already did in its opinion about imposing discretionary condition 24. At the time that it was imposed, the court did explain why it was imposing 24 or respond to a question from defense counsel, because defense counsel did object to the imposition of 24 at the sentencing, and the court responded to that objection because the objection was specifically, that defense counsel thought it was overbroad and that it would require warrantless searches. The court responded and said, okay, I'm going to explain why I don't think that's a problem here, which is because in 24 it says the search has to be done based on a reasonable basis that there's a violation of a supervised release condition. So the court does explain why it's imposing it related to that specific circumstance. Well, it explains why it's not overbroad. Correct. It explains why it's overruling the objection, not why it's imposing it. Correct. And the government's position would be that the facts that the court found regarding defendants, specifically that this offense was more aggravating than a normal 922G and that he had an auto sear on his gun, which the court described as a horrible, horrible weapon, and that he was a repeat offender who was three months into his release from conspiracy to commit murder at the time that he was arrested in this case, that those facts about defendants support the imposition of 24. Okay. Thank you. All right. Thank you, Ms. Stern. We'll hear from Ms. Christensen again. Thank you. I'll start where we picked off here, is that 16 and 24, again, are regularly imposed in the Northern District, not regularly challenged on appeal because if there's no objection, it's deemed waived. So the court does not see these very often, but we see them in nearly every judgment that we get. Here they were objected to, and it is an issue where the judge should be making findings about why they're both required, why they're both required for this particular defendant, and that wasn't done in this case. Moving on to the first issue, the facts that were found by Judge Chang didn't support the enhancement because Judge Chang didn't make the appropriate legal findings. So factual findings have to relate to those legal elements, and Judge Chang did not relate them there. Defense counsel actually made the argument that it had to be an unauthorized entry and talked about that in her sentencing memorandum. And Judge Chang, I think, perhaps in a way to maybe avoid the unauthorized question because it was a difficult one based on the facts in front of him, decided that the remains didn't require the unauthorized entry, and that was an error of law. And for that reason, we asked the court to reverse and remand. Okay, thank you. To both parties, we'll take the case under advisement. And that concludes our day of cases.